UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

EDWIN ANTONIO REYES MENDEZ, A-246-119-402,

Petitioner,

v.

CHRISTOPHER CHESTNUT,

Respondents.

No.  1:26-cv-3791-DAD-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner Edwin Antonio Reyes Mendez is detained by Immigrations and Customs Enforcement ("ICE") and filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] The court appointed counsel, who filed a first amended petition. (ECF No. 12.) Respondent's answer and petitioner's reply are also before the court. (ECF Nos. 13, 14.) For the reasons set forth below, the petition should be granted.

**I.      Background**

Petitioner is a native of Nicaragua. (ECF No. 13-1 at 1.) He alleges he was living and working in the community and supporting family members prior to his present detention. (ECF No. 12, ¶ 4.)

////

---

[1] This case is referred to the undersigned by operation of Local Rule 302(c)(17) pursuant to 28 U.S.C. § 636.

1

According to respondent's evidence, petitioner illegally crossed the US/Mexico Border on November 1, 2022, near McAllen, Texas. (ECF No. 13-1 at 3.) Petitioner was paroled in by CBP pursuant to INA 212(d)(5). (Id. at 5.) Petitioner was redetained on March 27, 2026, in Hollywood, Florida, following a vehicle stop for a traffic violation. (ECF No. 13-1 at 2.)

In the first amended petition, petitioner brings three claims as follows: violation of the INA (8 U.S.C. § 1226(a)); violation of due process based on detention without an individualized custody hearing; and violation of due process based on redetention without meaningful process. (ECF No. 12, ¶¶ 80-128.) Petitioner seeks immediate release, or, alternately, a bond hearing. (Id. at 17-19.)

Respondent asserts petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) and does not possess a right to freedom from immigration detention in any form other than that provided by Congress. (ECF No. 13 at 2-3.) Respondent requests the court to deny the petition. (Id. at 3.) In the alternative, respondent suggests the court hold the matter in abeyance pending the Ninth Circuit's resolution of Rodriguez v. Bostock, 779 F.Supp.3d 1239, 9th Cir. Docket No. 25-6842. (Id.)

**II.    Legal Standard**

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." Hamdi v. Rumsfeld, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). A writ of habeas corpus may be granted to a petitioner in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). A district court's habeas jurisdiction includes challenges to immigration detention. See Zadvydas v. Davis, 533 U.S. 678, 687 (2001).

**III.    Discussion**

The undersigned agrees with the numerous courts which holding 8 U.S.C. § 1226, rather than § 1225, applies to individuals who were physically present in the United States for some period of time before they were detained by ICE. See, e.g., Gutierrez v. Chestnut, No. 1:25-cv-1515 DAD AC (HC), 2025 WL 3514495, at *4 (E.D. Cal. Dec. 8, 2025); accord Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami, 175 F.4th 1258, 1278-81 (11th Cir. 2026) (holding §

2

1226 supplies the default rule of detention for an alien arrested and detained in the interior); Castañon-Nava v. DHS, 161 F.4th 1048, 1060-62 (7th Cir. 2025) (concluding DHS is "not likely to succeed on the merits of their argument that those individuals, whom ICE arrested without a warrant [in the interior of the United States], are subject to mandatory detention under § 1225(b)(2)(A)"). But see Buenrostro-Mendez v. Bondi, 166 F.4th 494, 502 (5th Cir. 2026) (individuals who have never been formally admitted into the United States and who are arrested in the interior of the country are properly subject to detention under § 1225(b)(2)); Avila v. Bondi, 170 F.4th 1128 (8th Cir. 2026) (same).

Under 8 U.S.C. § 1226(a), the government has discretion whether to release or detain an individual, subject to "extensive procedural protections… including several layers of review of the agency's initial custody determination, an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the right to appeal, and the right to seek a new hearing when circumstances materially change." Rodriguez Diaz v. Garland, 53 F.4th 1189, 1202 (9th Cir. 2022). Section 1226(a) expressly authorizes release on bond or conditional parole. See 8 U.S.C. § 1226(a)(1)-(2).

Petitioner was previously paroled into the United States and was living and working in his community for more than four years until the vehicle stop that preceded his redetention by immigration officials. Respondent does not assert petitioner has failed to comply with any conditions of release or committed any crimes. Respondent does not proffer any facts suggesting petitioner is a danger to the public or a flight risk. Based on the circumstance of petitioner being paroled into the United States where he resided for more than four years before being redetained without a bond hearing, petitioner has a liberty interest in his continued release regardless of the applicable detention scheme. See Enriquez Escarcega, Petitioner, v. Warden of the Golden State Annex Faciity, No. 1:26-CV-01012 DAD SCR, 2026 WL 480500, at *2 (E.D. Cal. Feb. 20, 2026); Cajina v. Wofford, No. 1:25-CV-01566-DAD-AC (HC), 2025 WL 3251083, at *3 (E.D. Cal. Nov. 21, 2025).

The Due Process Clause protects persons in the United States from being deprived of life, liberty, or property without due process of law. U.S. CONST. AMEND. V. It is firmly established

3

that these protections extend to noncitizens present in the United States. See Zadvydas v. Davis, 533 U.S. 678, 693 (2001) ("[T]he Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent."); Wong Wing v. U.S., 163 U.S. 228, 238 (1896) ("It must be concluded that all persons within the territory of the United States are entitled to the protection guaranteed by [the Fifth Amendment], and that even [non-citizens] shall not ... be deprived of life, liberty, or property without due process of law.").

Courts analyze procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989). Having determined petitioner has a protected liberty interest in his continued release having been released from immigration custody previously, the court determines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. To make that determination, the court applies the test established in Mathews v. Eldridge, 424 U.S. 319 (1976). The Mathews test considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation; and (3) the government's interest. 424 U.S. at 335.

Considering the first Mathews factor, petitioner has a significant private interest in remaining free from detention. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty [the Due Process] Clause protects." Zadvydas, 533 U.S. at 690. Petitioner's parole into the United States and time spent living freely and working for four years creates a powerful interest for him in his continued liberty. See Doe v Becerra, 787 F. Supp. 3d 1083, 1094 (E.D. Cal. 2025). This factor favors granting the petition.

The second Mathews factor also weighs in petitioner's favor. See A.E. v. Andrews, No. 25-cv-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025) ("The risk of an erroneous deprivation [of liberty] is high" when "[the petitioner] has not received any bond or custody redetermination hearing."). Civil immigration detention is "nonpunitive in purpose and

4

effect" and is justified when a noncitizen presents as a danger to the community or risk of flight. Zadvydas, 533 U.S. at 690; Padilla v. U.S. Immigr. & Customs Enf't, 704 F. Supp. 3d 1163, 1172 (W.D. Wash. 2023). There is no indication petitioner presents a danger to the community or a risk of flight, and he has been detained for months without being provided an individualized hearing before an immigration judge where those factors could be evaluated. Thus, "the probable value of additional procedural safeguards" is high. A.E., 2025 WL 1424382, at *5.

Turning to the third Mathews factor, the government has an interest in the steady enforcement of its immigration laws but the government's interest in re-detaining petitioner without any procedural protections is "low." Ortega v. Bonnar, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019); Doe v. Becerra, 787 F. Supp. 3d at 1094. Custody hearings in immigration court are routine and impose a "minimal" cost on the government. Doe, 787 F. Supp. 3d at 1094. "If the government wishes to re-arrest [petitioner] at any point, it has the power to take steps toward doing so; but its interest in doing so without [any procedural protections] is low." Ortega, 415 F. Supp. 3d at 970.

On balance, the Mathews factors favor petitioner and show due process required that he be provided a bond hearing prior to his redetention. "[A] pre-deprivation hearing is required to satisfy due process." Guillermo M. R. v. Kaiser, 71 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025). Respondents point to no reasons why a pre-deprivation hearing could not be held and provide no evidence warranting petitioner's redetention without a hearing.

Accordingly, the court should find petitioner's Fifth Amendment due process rights have been violated and order his immediate release from custody. Because the resolution in this manner provides the full scope of relief requested for petitioner, the court need not reach all claims presented in the petition.

The court's adoption of these findings and recommendations would resolve the pending habeas petition on its merits, and no further briefing is necessary. Respondent fails to show any particular judicial economy or efficiency would be served by holding the instant case in abeyance. Thus, the petition should be granted.

////

5

**IV.     Recommendation**

For the reasons set forth above**,** IT IS RECOMMENDED as follows:

1.  The court grant petitioner's application for a writ of habeas corpus under 28 U.S.C. § 2241.

2.  Respondents be ordered to release petitioner immediately under the same conditions he was subject to immediately prior to his redetention on March 27, 2026.

3.  Respondents be ENJOINED AND RESTRAINED from re-detaining petitioner unless they provide 7 days' notice to petitioner and a pre-deprivation bond hearing before a neutral arbiter pursuant to 8 U.S.C. § 1226(a) and its implementing regulations, at which petitioner's eligibility for bond must be considered.

4.  The Clerk of the Court be directed to enter judgment for petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three (3)** days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within **three (3)** days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  June 22, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 reye3791.mer

6